Singh v. Garland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

GURPREET SINGH,

> *Petitioner*,

> v.                                                    18-3689

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

---

FOR PETITIONER:                 ANAS J. AHMED, Pannun the Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:                 NEHAL H. KAMANI (Joseph H. Hunt, Kohsei Ugumori, *on the brief*), Civil Division, U.S. Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") decision is **GRANTED**.

Petitioner Gurpreet Singh, a citizen of India, petitions for review of a November 15, 2018 BIA decision affirming an October 3, 2017 decision of an immigration judge ("IJ") to deny Singh asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Singh*, A206-508-527 (B.I.A. Nov. 15, 2018), *aff'g* A206-508-527 (Immig. Ct. N.Y.C. Oct. 3, 2017). We assume the parties' familiarity with the facts, procedural history, and arguments on appeal.

Singh entered the United States without authorization on April 29, 2013, and the government placed him in removal proceedings shortly thereafter. Singh then sought asylum, withholding of removal, and CAT protection. Petitioner claims to have been persecuted in India because of his membership in the political party Shiromani Akali Dal Mann ("SAD"), which advocates for an independent Sikh nation. Specifically, Singh claims that police officers, working under the direction of members of the Congress Party of India ("Congress"), threatened him once in October 2010, and later detained and beat him during two separate attacks in 2011. In the 2010 incident, Singh reported to the police station and was told to "[j]oin the Congress otherwise you face problems." In the first attack, on January 28, 2011, Singh alleges that he was detained without food or water and beaten with sticks. In the second attack, on April 22, 2011, Singh says he was dragged from his Jeep but escaped as his friends fought their assailants. Singh claims that his two friends were killed after he fled from the second attack and that he was treated in a hospital after each of the two assaults.

The IJ rejected Singh's claims, denied him relief, and ordered his removal. The IJ based

2

her decision on an adverse credibility determination against Singh. At the outset, the IJ described Singh's testimony regarding his injuries and treatment as "evasive, unresponsive, and hesitant," in contrast to his testimony about why he joined the SAD Party, during which he showed little hesitation. The IJ also identified what she characterized as inconsistencies or omissions in the evidence of Singh's injuries and treatment. While describing his injuries after the first attack, Singh reported only "bruises, and abrasions, and swelling," for which he received oral medication and ointment. But the medical record also describes injections that Singh did not recall receiving. Further, while the medical record reported injuries to the back of Singh's leg, Singh pointed to his shin during his testimony when asked where he was injured. During his testimony about the treatment he received after the second attack, Singh recalled being given medicine, but he could not specify which medicines or recall with certainty whether doctors examined him.

Singh appealed, challenging the credibility determination.[1] The BIA affirmed. It based its ruling on credibility grounds and declined to address certain other facets of the IJ's opinion, including any omission of dates from Singh's asylum application, whether the medical records were authentic, and the merits of Singh's claim of past persecution.

"When the BIA agrees with an IJ's adverse credibility determination and adopts particular parts of the IJ's reasoning, we review the decisions of both the BIA and the IJ." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008). We review factual findings, including credibility determinations, for substantial evidence. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

We conclude that the agency did not adequately consider the "totality of the circumstances"

---

[1] The BIA determined that Singh waived his CAT claim, CAR at 3 n.1, and Singh's brief does not contest that determination.

in this case. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). On remand, the agency should therefore reconsider the following factors and any others it identifies in the record, looking to both Singh's testimony and the extrinsic evidence.

First, the agency relied primarily on trivial omissions and ambiguities it identified in Singh's testimony without clearly articulating their connection to Singh's credibility. In general, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). But the record is unclear as to whether the so-called inconsistencies in this case were in fact merely misunderstandings or omissions in Singh's testimony. For example, the agency noted that Singh's medical records indicated an injury to the back of his right leg, while Singh pointed to his shin—the front of his right leg. Singh said that his attackers "beat us up everywhere." When asked by agency counsel whether his "only" injuries were on his back and his shin, Singh replied, "Yes, both. Yes more— I was hurt more on *my leg and back*." (emphasis added). We cannot say that his testimony in this regard was contrary to the medical record. The agency also described how Singh could not recall in his testimony precisely what medications he was given or what other treatments he received while in the hospital. It would likely be reasonable for Singh to fail to remember minor aspects of the treatment he received years ago after a traumatic event. At the same time, the BIA apparently did not rely on inconsistencies regarding material aspects of Singh's account, such as the attacks, his visit to the hospital, and his general treatment. In short, the agency appears to have relied on trivial omissions and ambiguities that did not account for the totality of the circumstances and would not on their face warrant an adverse credibility determination. We thus remand for reconsideration based on the totality of the circumstances.

Second, the agency based its decision on observations about Singh's change in demeanor during his testimony. "[T]the demeanor, candor, or responsiveness of the applicant" is one factor that an IJ may consider in rendering an adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). Typically, we defer heavily to the IJ's determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 271–72 (2d Cir. 2007) (explaining that, because the IJ hears directly from the applicant, we give credibility determinations "particular deference" and conduct an "exceedingly narrow inquiry" (citation omitted)). But here, if Singh's story is true, it would be unsurprising for his demeanor to change between when generally discussing his background and when asked to recall specific details of his persecution years ago. In light of the unusual circumstances identified above, we grant the petition for review and remand so the agency can weigh its findings against the record as a whole. The agency may also consider factors not relied on in its original decision.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court